SCPW-20-0000509

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

IN THE MATTER OF INDIVIDUALS IN CUSTODY
OF THE STATE OF HAWAI'I

---

ORIGINAL PROCEEDING

<u>ORDER GRANTING IN PART AND DENYING IN PART</u>
<u>MOTION FOR CLARIFICATION AND/OR RECONSIDERATION</u>
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Chief Judge Ginoza, assigned by reason of vacancy)

On August 19, 2020, Nolan P. Espinda, Director of the Department of Public Safety, State of Hawai'i ("DPS"), filed a motion ("Motion") seeking clarification and/or reconsideration of the following orders:

(1)  Amended Order Re: Petty Misdemeanor and Misdemeanor Defendants, filed on August 17, 2020 ("Misdemeanor Order"); and

(2)  Amended Order Re: Felony Defendants, filed on August 18, 2020 ("Felony Order").

By order entered on August 20, 2020, this court directed responses to the Motion.

Upon consideration of the Motion, the responses or opposition filed by the Office of the Public Defender ("OPD"), Dwight Nadamoto, Prosecuting Attorney for the City and County of Honolulu ("Prosecuting Attorney Nadamoto"), the State of Hawai'i, Department of Health ("DOH"), and Mitchell Roth, Prosecuting Attorney for the County of Hawai'i, and the record herein,

IT IS HEREBY ORDERED that the Motion is granted in part and denied in part as follows:

1.  As to the request for clarification of whether district court orders transferring inmates to the custody of DOH for HRS § 704-404 fitness examinations remain valid, the request is denied in that the Misdemeanor Order did not affect the validity of district court orders transferring such inmates to the custody of DOH.

2.  As to the request for clarification of the term "[a]dditional inmates" as provided under Paragraph 1.b. of the Misdemeanor Order, the request is denied in that the Misdemeanor Order governs inmates that were in the O'ahu Community Correctional Center at the time the Misdemeanor Order was filed and does not apply to newly arrested individuals or individuals arrested for new offenses.

3.  As to the request for reconsideration that individuals arrested for violating any COVID-19 quarantine proclamations or orders are not required to be released, the

2

request is denied but subsequent arrestees may be addressed by a future order.

4. As to the request for reconsideration of Paragraphs 1-3 of the Felony Order to exclude from release those defendants charged with Class A felony offenses, the request is denied in that the release of an "eligible inmate" as defined in the Felony Order was subject to the process for court review set forth in the Felony Order.

5. As to the request for reconsideration of Paragraphs 1 and 2 of the Misdemeanor Order and Paragraph 3 of the Felony Order regarding inmates who re-offend after release or violate any condition of the orders, the request is denied but may be addressed in a future order.

6. As to the request for clarification of whether an inmate is required to be re-tested after receiving a positive COVID-19 test result, the request is granted such that an inmate may be released without a re-test so long as the inmate is determined to no longer be infectious pursuant to the guidelines of the Centers for Disease Control and Prevention.

IT IS HEREBY FURTHER ORDERED that with respect to the OPD's request in its response, identified as a "Motion to Compel Compliance with this Court's Orders", no later than Thursday, August 27, 2020, at 4:30 p.m., a response shall be filed by DPS

3

and Prosecuting Attorney Nadamoto.  The remaining respondents may file a response within the same time.

DATED: Honolulu, Hawaiʻi, August 26, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Lisa M. Ginoza